TANKERSLEY *v.* FORTNER.

Opinion delivered April 19, 1926.

ASSAULT AND BATTERY—SELF-DEFENSE—INSTRUCTION.—In an action for assault and battery, an instruction that "anger and abusive language will in no event justify an assault and battery or an assault; language, however insulting or slanderous, does not justify an assault or an assault and battery, unless you further find that the plaintiff was the aggressor, and then only in mitigation of damages," *held* erroneous, since the fact that plaintiff was the aggressor would have been an absolute defense, provided defendant used no more force in repelling plaintiff's assault than appeared to him to be reasonably necessary.

Appeal from Sebastian Circuit Court, Fort Smith District; *John E. Tatum*, Judge; reversed.

*Warner, Hardin & Warner*, for appellant.

SMITH, J. Appellee, who was the plaintiff below, alleged in his complaint that appellant had assaulted and beaten him, and prayed judgment for damages, both compensatory and punitive. At the trial from which this appeal comes the jury returned the following verdict: "We, the jury, find for the plaintiff in the sum of $500 actual damage," thus indicating that punitive damages were not assessed, and from the judgment rendered upon this verdict is this appeal.

Appellee testified that he went to a dairy operated by appellant and appellant's sons to advise them that their chickens were depredating on his lots, and to ask that the chickens be put up. He testified that he communicated the information and request in a civil manner, but appellant became angered, and assaulted him with a rock, with which he struck appellee over the eye, and

that as a result of this blow appellee had lost the sight in the eye.

On the contrary, appellant and his sons testified that appellee came to their barn, where they were milking their cows, and cursed and abused them about allowing their chickens to run over appellee's premises, and that they ordered appellee to leave, and he refused to do so, and assaulted appellant. Appellant was asked: "Did you hit him (appellee) with a brick or anything?" and answered: "No sir, he hit at me, drawed back and hit at me; he was coming back toward me; he started off, and turned and came back and called me a son-of-a-bitch, and drawed back and hit at me, and I knocked his lick off, and popped him just one lick."

The court, over appellant's objection, gave an instruction on the measure of damages which authorized the jury, in the event they found for appellee, to assess such sum as damages as would compensate appellee for future pain and suffering and for future medical services, if it were found that appellee would probably suffer future pain and would require additional medical treatment. There was testimony on which to predicate this instruction, and these are recoverable elements of damage.

Appellant also insists that the verdict is excessive under the undisputed evidence; but we do not think this can be said to be true as a matter of law, and certainly not if appellee's injuries are as serious as he stated they were, including the loss of the sight in one of his eyes.

The court gave, over appellant's objection, an instruction numbered 5, reading as follows: "You are instructed that anger and abusive language will in no event justify an assault and battery, or an assault; language, however insulting or slanderous, does not justify an assault or an assault and battery, unless you further find that the plaintiff was the aggressor, and then only in mitigation of damages."

We think there was error in this instruction. It appears to mean that language will in no event justify an assault and battery, however slanderous or abusive, unless the person using such language is also the aggressor, and that even when this is true these facts can be considered only in mitigation of damages.

The law is that insulting and abusive language will not justify an assault, or an assault and battery, but may be considered only in mitigation of a claim for damages; but if one is assaulted, he may prove the aggression of his adversary, not only in mitigation of damages, but as an absolute defense against liability for any damage, provided he used no more force in repelling the assault than appeared to him to be reasonably necessary for that purpose. This is true in a prosecution for a violation of the law as well as in a civil suit for damages.

The instruction does not conform to this view of the law, and it was error therefore to give it.

No other error appears, but, for the error indicated, the judgment must be reversed, and the cause remanded for a new trial, and it is so ordered.